**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| WILLTON NC NY, LLC, | : | Case No. 1:26-mc-22 |
| | : | |
| Petitioner, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| CLARK, SCHAEFER, HACKETT & CO., | : | |
| | : | |
| Respondent. | : | |

---

## ORDER GRANTING PETITIONER'S MOTION TO ENFORCE SUBPOENA AND COMPEL DISCOVERY (Doc. 1)

---

This matter is before the Court on Petitioner's Motion to Enforce Subpoena and Compel Discovery (Doc. 1). Respondent has filed a Response in Opposition (Doc. 3), to which Petitioner has filed a Reply in Support (Doc. 6). This matter is thus ripe for the Court's review. For the following reasons, Petitioner's Motion to Enforce Subpoena and Compel Discovery (Doc. 1) is **GRANTED**.

### BACKGROUND

Petitioner is the plaintiff in a civil action pending in the Southern District of New York ("SDNY"). (*See* SDNY Am. Compl., Doc. 1-1.) In that action, Petitioner alleges that certain defendants misused and misappropriated funds connected to FM15 Investments, LLC ("FM15"). (*See id.*) Respondent, an accounting firm, prepared the audit reports and tax returns for entities affiliated with FM15. (*See, e.g.*, SDNY Order, Doc. 1-4, Pg. ID 153.)

On April 3, 2025, Petitioner served a Federal Rule of Civil Procedure 45 subpoena

on Respondent. (Subpoena, Doc. 1-2.) The subpoena requested documents concerning Respondent's services for the FM15 entities "in their original and/or native form or format." (*Id.* at Pg. ID 85.) After a discovery dispute in which the SDNY issued an order finding the subpoena relevant and proportional, Respondent began producing materials in March 2026. (*See* SDNY Order, Doc. 1-4, Pg. ID 153; Klarfeld Decl., Doc. 1-3, Pg. ID 94-97.) Between March and April 2026, Respondent produced, among other things, roughly 43,000 pages of audit and tax binders in PDF format. (Klarfeld Decl., Doc. 1-3, Pg. ID 97-98; Pyper Decl., Doc. 3, Pg. ID 201-204.)

On May 14, 2026, Petitioner sent a deficiency letter addressing format-related issues with these PDF materials, including missing worksheet context, broken formula references, and unreadable calculation results. (*See* Deficiency Letter, Doc. 1-3, Pg. ID 137-144.) In response, Respondent explained that its auditing software automatically converts files to PDF format upon export and that the process can cause formatting inconsistencies and cell-display errors. (Pyper Email, Doc. 1-3, Pg. ID 146-47.)

To address the issue, Respondent offered to upload the binders to an external server for a 14-day native-format review. (Pyper Email, Doc. 1-3, Pg. ID 146.) However, Respondent conditioned this access on Petitioner's agreement to "irrevocably commit to the fact that [Respondent] has complied with [the] subpoena." (*Id.*) Petitioner declined, maintaining that it could not concede full compliance before inspecting the native records. (Klarfeld Email, Doc. 1-3, Pg. ID 149.) When Respondent refused to withdraw the condition, Petitioner filed this action seeking to enforce its Rule 45 subpoena and compel production of the native records or secure unconditioned access to the binders

via the external server. (*See* Motion, Doc. 1.)

**LAW AND ANALYSIS**

Rule 45 permits a subpoena to require a nonparty to produce electronically stored information ("ESI"). Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 incorporates Rule 34's provisions concerning the form of ESI production. Fed. R. Civ. P. 45(a)(1)(C). "Pursuant to Rule 34(b)(1)(C), a requesting party is entitled to specify the form or forms in which [ESI] is to be produced." *In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prods. Liab. Litig.*, 279 F.R.D. 447, 449 (S.D. Ohio 2012) (citing Fed. R. Civ. P. 34(b)(1)(C)). "The producing party can object to the requested form of production, and the parties must meet and confer to negotiate the dispute." *Id.* (citing Fed. R. Civ. P. 34(b)(2)(D); Fed. R. Civ. P. 34(b) advisory committee's note, 2006 amendment). "[T]he burden rests with the objecting party to show undue hardship or expense" to justify producing ESI in a format other than the native form requested. *Id.* (collecting cases).

Petitioner is entitled to access the native format of Respondent's audit and tax binders. Petitioner's subpoena requested that Respondent produce responsive documents in their native format. (Subpoena, Doc. 1-2, Pg. ID 85.) Respondent has not made that production, nor has it shown that producing the documents in their native format would impose an undue burden or expense. Instead, Respondent generally asserts that it has already devoted time, effort, and resources to responding to the subpoena. (*See* Response, Doc. 3.) But that argument does not explain why producing the documents in their native format would be unduly burdensome or expensive. Indeed, Respondent identifies no estimated costs, personnel time, or technical obstacles that would make such

production difficult or expensive. (*See id.*) In fact, Respondent has acknowledged that it can copy the relevant materials to an external server to allow Petitioner to review remotely. (Pyper Email, Doc. 1-3, Pg. ID 146.) As Respondent has failed to meet its burden to demonstrate undue hardship, Petitioner is entitled to access the electronic binders in their native form.

Respondent has represented that it can provide Petitioner with access to the electronic binders by uploading copies to an external server, and Petitioner has conveyed that this method would be satisfactory. (Pyper Email, Doc. 1-3, Pg. ID 146; Motion, Doc. 1, Pg. ID 16.) The Court will therefore order production in that manner. The Court will not impose Respondent's proposed fourteen-day time limit on that access, as Respondent has offered no reason why such a restriction is necessary. Nor will the Court require Petitioner to agree in advance that access to the electronic binders resolves every remaining issue concerning Respondent's compliance with the subpoena.

The Court thus **ORDERS** the following:

1. Petitioner's Motion to Enforce Subpoena and Compel Discovery (Doc. 1) is **GRANTED**;
2. Petitioner's subpoena of Respondent **SHALL BE ENFORCED**;
3. Within fourteen days of this Order, Respondent is **COMPELLED** to provide Petitioner with access to the tax and audit binders through an external server for review; and
4. This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND